**FILED**

MAY 3 0 2017

Clerk, U.S Courts
District Of Montana
Missoula Division

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DARRELL DEAN SHARP, | CV 13-89-GF-DWM-JTJ |
| Petitioner, | |
| vs. | ORDER |
| TIM FOX, | |
| Respondent. | |

On October 21, 2013, Darrell Dean Sharp filed a petition seeking a writ of

habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) United States Magistrate Judge

John T. Johnston recommends denying Sharp's claims. (Doc. 65.) Sharp filed

objections to Judge Johnston's Findings and Recommendation on March 2, 2017,

(Doc. 68), and is therefore entitled to *de novo* review of the specified findings or

recommendations to which he objects. 28 U.S.C. § 636(b)(1). The Court reviews

the findings and recommendations not specifically objected to for clear error.

*McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313

(9th Cir. 1981). Clear error exists if the Court is left with a "definite and firm

conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d

-1-

422, 427 (9th Cir. 2000). Because the parties are familiar with the factual and procedural background, it will not be restated here.

In his Amended Petition[1], Sharp presents three claims: (1) ineffective assistance of trial counsel for failure to file a notice of appeal, (Doc. 46 at 22-23); (2) ineffective assistance of trial counsel for failure to move to withdraw Sharp's guilty plea, (*id.* at 23-25); and (3) breach of the plea agreement, (*id.* at 25-27). Judge Johnston concludes that Sharp's Amended Petition is time-barred, that Sharp is not entitled to statutory or equitable tolling, and that no certificate of appealability should issue because Sharp failed to make a substantial showing that he was deprived of a constitutional right. (Doc. 65 at 11-12, 14-15.) Sharp objects, arguing that (1) the Amended Petition should not be dismissed as time-barred "when there are at least two open questions of fact which, if resolved in Sharp's favor, would affect whether Sharp's petition was time-barred," (Doc. 68 at 3); (2) Judge Johnston erred in concluding Sharp was not entitled to equitable tolling, (*id.* at 6-8); and (3) Judge Johnston erred in concluding Sharp was not entitled to a certificate of appealability, (*id.* at 8-10). Sharp further argues that his ineffective assistance of counsel claims as well as his allegation that transcripts were not delivered to him warrant an evidentiary hearing because those incidents

---

[1] Sharp filed an Amended Petition on November 11, 2016.

entitle him to tolling of the statute of limitations. (*Id.* at 3, 8.) Sharp's objections are not well taken.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year period of limitation for a state prisoner to file a federal petition for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1); *Jiminez v. Quarterman*, 555 U.S. 113, 114 (2009). As a general rule, the statute of limitations period runs from "the date on which the judgment becomes final by the conclusion of direct review or the expiration of time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, "[t]he time during which a properly filed application for State post-conviction review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

## ANALYSIS

### I. Timeliness

Sharp does not object to Judge Johnston's finding that the Amended Petition was untimely absent appropriate tolling. This finding is not clearly erroneous, and thus is adopted. Final judgment was entered on August 27, 2010, and Sharp timely filed an application for review with the Sentence Review

Division. (Doc. 65 at 8). The Sentence Review Division decision was filed with the trial court on June 2, 2011. (*Id.*) It is undisputed that the AEDPA statute of limitations began to run the following day, on June 3, 2011. Absent applicable tolling, Sharp had one year in which to file his federal petition. Thus, Sharp's petition should have been filed on or before Friday, June 3, 2012. However, Sharp's petition was filed with this Court on October 21, 2013, more than one year beyond the expiration of the limitations period.

### a. Statutory Tolling

Sharp does not specifically object to Judge Johnston's finding that he is not entitled to statutory tolling and there is no clear error. As set forth above, the AEDPA statute of limitations depends on the direct and collateral review actually filed and pursued as shown by the record of the case. 28 U.S.C. § 2244(d). Sharp acknowledges that the only filing that met the collateral review requirement was an untitled document filed February 20, 2013, after the AEDPA statute of limitations expired. (Doc. 46 at 16.) There is no evidence in the record that a claim of ineffective assistance of counsel was filed prior to June 3, 2012. Additionally, neither of Sharp's petitions for out-of-time appeal to the Montana Supreme Court checked the box alleging that Sharp "discussed filing a timely appeal with my attorney, but he or she failed to file it[.]" (*See* Resp't Exs. A at 1-2,

C at 2 (Docs. 51-1, 51-3).) Because no ineffective assistance claim, nor any other document which would entitle Sharp to statutory tolling, was filed by Sharp prior to the expiration of the statute of limitations on June 3, 2012, an evidentiary hearing is unnecessary and would not be relevant to the outcome of Sharp's current petition. Therefore, Sharp's request for a hearing on these matters is denied and he is not entitled to statutory tolling.

### b.    Equitable Tolling

Sharp objects to Judge Johnston's finding that he is not eligible for equitable tolling, arguing an unanswered question remains as to "whether [he] should be entitled to equitable tolling as a result of the court reporter's apparent failure to provide Sharp with transcripts." (Doc. 68 at 2.) The limitations period is subject to equitable tolling if the petitioner demonstrates "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Holland v. Florida*, 560 U.S. 631, 649 (2010). The petitioner bears the burden of alleging facts that establish extraordinary circumstances stood in his way. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must also establish a "causal connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Ariz. Attorney Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Sharp failed to demonstrate a particularized need for the transcripts in question. Moreover, he is unable to show that a lack of these documents constituted extraordinary circumstances which prevented him from timely filing his petition. Because Sharp has not met his burden of establishing either an extraordinary circumstance or the exercise of diligence, he is not entitled to equitable tolling and his petition remains untimely.

## II. Certificate of Appealability

Sharp objects to Judge Johnston's denial of a certificate of appealability on "the question of whether Sharp's *Sixth Amendment* right to effective assistance of counsel was violated when trial counsel failed to file a motion to withdraw Sharp's guilty plea, and failed to file a notice of appeal to the Montana Supreme Court." (Doc. 68 at 9). A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing exists if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Dismissal of a claim on procedural grounds also requires the court to decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural

ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012). Based on the

foregoing discussion, Judge Johnston properly denied a certificate of appealability

because Sharp has not made a substantial showing that he was deprived of a

constitutional right nor that a basis exists to excuse his untimely filing.

## III. Pro Se Filing

On May 1, 2017, Sharp filed *pro se* a document labeled "Order of Release."

Sharp continues to be represented by counsel, and "does not have an absolute right

to both self-representation and the assistance of counsel." *United States v.

Halbert*, 640 F.2d 1000, 1009 (9th Cir. 1981). Accordingly, his *pro se* filing is not

considered here.[2]

## CONCLUSION

Sharp's Amended Petition is untimely and not eligible for statutory or

equitable tolling. Accordingly,

IT IS ORDERED that the Findings and Recommendation of Judge Johnston

(Doc. 65) are ADOPTED-IN-FULL.

IT IS FURTHER ORDERED that Petitioner's Amended Petition (Doc. 46)

is DISMISSED WITH PREJUDICE. The Clerk of Court is directed to enter, by

separate document, a judgment in favor of Respondent and against Petitioner.

---

[2] Sharp's counsel's motion to withdraw was denied April 14, 2017. (Doc. 71.)

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

DATED this 30 day of May, 2017.

Donald W. Molloy, District Judge
United States District Court